90/08-5902.DV / kjs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VARNDELL HURRINGS, | ) |
|       Plaintiff, | ) |
| v. | ) |
| OFFICER VIC, OFFICER HORVATH, OFFICER DEMITH, OFFICER VANDERPLOUGH, UNKNOWN and UNNAMED SOUTH CHICAGO HEIGHTS POLICE OFFICER, individually, and THE CITY OF SOUTH CHICAGO HEIGHTS, | ) NO.: 08 C 5713 <br> ) <br> ) Judge Rebecca R. Pallmeyer <br> ) |
|       Defendants. | ) Magistrate Judge Arlander Keys |

**MOTION OF DEFENDANTS FOR JUDGMENT
AT THE CONCLUSION OF THE PLAINTIFF'S CASE**

NOW COME the Defendants, PAUL VIC, JOSEPH HORVATH, MICHAEL DEMITH and MICHAEL VANDERPLOEG (incorrectly sued as "OFFICER VANDERPLOUGH"), by and through one of their attorneys, WILLIAM W. KURNIK, and, pursuant to Rule 50 of the Federal Rules of Civil Procedure, move for the entry of judgment in their favor and against the Plaintiff, Varndell Hurrings, on the basis that the Plaintiff has failed to present sufficient evidence from which a jury could reasonably conclude that these Defendants violated the Plaintiff's constitutional rights or that they committed the common law torts being advanced in this action. In support, the undersigned submits the following:

1. Count I of the First Amended Complaint is a claim for false arrest against these Defendants under 42 U.S.C. §1983; Count II is a claim for excessive force against these Defendants under 42 U.S.C. §1983; and Count III are pendant state claims for assault.

2. The Plaintiff alleges that each of the Defendants arrested the Plaintiff, used excessive force and assaulted him.

3. The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the conduct of a subordinate under 42 U.S.C. §1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Individual liability under Section 1983 requires personal involvement in the alleged constitutional deprivation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

4. The Plaintiff has failed to prove that Defendants VIK, DEMITH or VANDERPLOEG used excessive force by kicking the door of the Plaintiff's truck.

5. The Plaintiff has failed to prove that Defendants VIC, HORVATH, or DEMITH used excessive force by striking the Plaintiff in the left ribs.

6. The Plaintiff has failed to prove that Defendants VIC or VANDERPLOEG committed the tort of assault by drawing their weapons and pointing the weapons at the Plaintiff, and the alleged acts of HORVATH and DEMITH did not exceed their lawful authority or was an assault.

7. Although a failure to intervene is not pled in the Plaintiff's First Amended Complaint, in order to establish liability based upon a failure to intervene, the Plaintiff must establish that a defendant had a realistic opportunity to intervene to prevent the harm from occurring. *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008).

8. The Plaintiff has failed to establish that either of the Defendants, VIC, DEMITH or VANDERPLOEG, had a realistic opportunity to intervene to prevent the Plaintiff from being struck by his truck door or that VIK, HORVATH, or DEMITH had a realistic opportunity to prevent the Plaintiff from being hit the ribs.

9. The Plaintiff has failed to establish that either of the Defendants, VIC, HORVATH or DEMITH, arrested the Plaintiff and thus cannot be liable under Section 1983 or the common law tort of false imprisonment. Moreover, VIK, as the transporting officer cannot be liable for the arrest. *Morfin v. City of East Chicago*, 349 F.3d. 989, 1000-1001 (7th Cir. 2003).

10. Although a conspiracy to cover up is not pled, a conspiracy to cover up cannot be maintained where a plaintiff is a participant in the events which give rise to the claim because the facts that a plaintiff needed to recover for injuries has always been known to the Plaintiff. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000).

WHEREFORE, the Defendants, PAUL VIC, JOSEPH HORVATH, MICHAEL DEMITH and MICHAEL VANDERPLOEG (incorrectly sued as "OFFICER VANDERPLOUGH"), respectfully request that judgment be entered in their favor and against the Plaintiff, Varndell Hurrings, in accordance with the foregoing.

    Respectfully submitted by,

    /s/ William W. Kurnik
    WILLIAM W. KURNIK, Attorney Bar #6287032
    Attorneys for the Defendants, OFFICERS PAUL VIC, JOSEPH HORVATH, MICHAEL DEMITH and MICHAEL VANDERPLOEG (incorrectly sued as "OFFICER VANDERPLOUGH")

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on April 1, 2010, the foregoing ***MOTION OF DEFENDANTS FOR JUDGMENT AT THE CONCLUSION OF THE PLAINTIFF'S CASE*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Garrett W. Browne at** gbrowne@efox-law.com
- **Edward M. Fox at** efox@efox-law.com, lechavarria@efox-law.com
- **William W. Kurnik at** bkurnik@khkklaw.com
- **Krista Eleanore Oswald at** Koswald@khkklaw.com, tmulligan@khkklaw.com

    /s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney Bar #6287032
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone: (847) 261-0700
Facsimile: (847) 261-0714
E-Mail: BKurnik@khkklaw.com

5902 Mot for Judgment 10-03-30